Paul A. Stewart (*Pro Hac Vice Forthcoming*)
Ali S. Razai (*Pro Hac Vice Forthcoming*)
Jacob R. Rosenbaum (*Pro Hac Vice Forthcoming*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502
paul.stewart@knobbe.com
ali.razai@knobbe.com
jacob.rosenbaum@knobbe.com

Adam B. Beckstrom (14127)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Suite 2400
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000
adam.beckstrom@dentons.com

*Attorneys for Plaintiff TROVE BRANDS LLC d/b/a THE BLENDERBOTTLE COMPANY*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BEST BRANDS CONSUMER PRODUCTS, INC.,<br><br>Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION AND JURY DEMAND**<br><br>Case No.  2:23-cv -00144-DAK<br><br>Judge   Dale A. Kimball |

Plaintiff Trove Brands, LLC, d/b/a The BlenderBottle Company ("BlenderBottle®") hereby complains of Best Brands Consumer Products, Inc. ("Best Brands" or "Defendant") and alleges as follows:

## I. NATURE OF THE ACTION

1. BlenderBottle® seeks injunctive relief and damages for Defendant's acts of trademark infringement, false designation of origin, and unfair competition in violation of the laws of the United States and the State of Utah.

## II. PARTIES

2. Plaintiff Trove Brands, LLC, doing business as the BlenderBottle Company, is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

3. BlenderBottle® is informed and believes and, based thereon, alleges that Defendant Best Brands Consumer Products, Inc. doing business as Best Brands is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 25 Merrick Avenue, Merrick, NY 11566.

## III. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action that relate to trademark infringement and false designation of origin, and federal unfair competition pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1114, 1116, 1121(a), and 1125(a), as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form

part of the same case or controversy and derive from a common nucleus of operative fact.

5.      This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district. For example, Defendant has been selling and offering for sale infringing products in this judicial district, and committing acts of infringement in this judicial district, including but not limited to, selling infringing products to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in this district. These acts form a substantial part of the events or omissions giving rise to BlenderBottle®'s claims.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant resides in this Judicial District by virtue of doing business within this Judicial District and because a substantial part of the events giving rise to BlenderBottle®'s claims occurred in this Judicial District.

## IV.     GENERAL ALLEGATIONS

7.      BlenderBottle® revolutionized the way supplements are mixed and consumed. Through the tireless efforts of its designers and engineers over nearly two decades, BlenderBottle® has pioneered innovative technology and path-breaking designs to create premium products that help simplify everyday life. Available in more than 90 countries worldwide and in over 60,000 retail locations, BlenderBottle®'s shakers have become the go-to products for outdoor enthusiasts, gym goers, serious protein drinkers and more. BlenderBottle®'s products have been lauded by consumers and the media, including Good Morning America, Reader's Digest, Self, the Today Show, Men's Fitness, and others. As a result of BlenderBottle®'s extensive exposure and widespread recognition, BlenderBottle® has

developed strong trademark rights in its BLENDER BOTTLE® and BLENDERBOTTLE® trademarks.

8. BlenderBottle® protects its substantial investment in its brand and goodwill with its intellectual property rights.

9. On July 22, 2008, the USPTO duly and lawfully registered United States Trademark Registration No. 3,471,977, which was filed on December 19, 2007, for the mark BLENDER BOTTLE® (the "'977 Registration"). BlenderBottle® is the exclusive licensee of the '977 Registration and has been granted all rights thereunder, including the right and standing to enforce the '977 Registration. A true and correct copy of the '977 Registration is attached hereto as **Exhibit 1**. Pursuant to 15 U.S.C. § 1065, the '977 Registration is incontestable.

10. On February 2, 2016, the USPTO duly and lawfully registered United States Trademark Registration No. 4,894,363, which was filed on December 15, 2014, for the mark BLENDERBOTTLE® (the "'363 Registration"). BlenderBottle® is the exclusive licensee of the '363 Registration and has been granted all rights thereunder, including the right and standing to enforce the '363 Registration. A true and correct copy of the '363 Registration is attached hereto as **Exhibit 2**. Pursuant to 15 U.S.C. § 1065, the '363 Registration is incontestable.

11. As a result of BlenderBottle®'s long, continuous, extensive, and exclusive use of the BLENDER BOTTLE® and BLENDERBOTTLE® marks (collectively, the "BlenderBottle® Marks"), as well as its marketing, promotion, and sale of products under the marks, the public has come to recognize these marks as identifying products that originate from or are otherwise associated exclusively with BlenderBottle®. BlenderBottle® has spent enormous time, effort, and expense to create valuable goodwill in the BlenderBottle® Marks.

12. BlenderBottle®'s products bearing the BlenderBottle® marks are available in more than 90 countries worldwide and in over 60,000 retail locations. For example, BlenderBottle®'s products bearing the BlenderBottle® Marks are sold in numerous major U.S. retailers such as Costco, Sam's Club, Target, Walmart, GNC, Amazon, Dick's Sporting Goods, and Vitamin Shoppe, among many others.

13. BlenderBottle®'s products bearing the BlenderBottle® Marks have received significant unsolicited media attention. Products bearing the BlenderBottle® Marks have been lauded by consumers and the media, including Good Morning America, Shape, Good Housekeeping, Reader's Digest, Self, the Today Show, Muscle & Fitness, Men's Fitness, Nutrition Express, Amazing Wellness, Healthy Magazine, Outside Magazine, Backpacker Magazine, Daily Herald, EveryDay With Rachael Ray, Flex, Health & Beauty, Healthy Living, Muscle & Performance, Oxygen, Better Homes & Gardens, Climbing Magazine, and others.

14. Numerous celebrities have been photographed using BlenderBottle®'s products sold under the BlenderBottle® Marks, including Justin Bieber, Hugh Jackman, Scarlett Johansson, Shia LaBeouf, and Terry Crews, among others.

15. BlenderBottle® extensively advertises and promotes its products bearing the BlenderBottle® Marks including through its website and social media sites, trade shows, flyers, and advertisements.

16. As a result of BlenderBottle®'s widespread use and display of the BlenderBottle® Marks in association with its shaker bottles, (a) the public has come to recognize and identify shakers bearing the BlenderBottle® Marks as emanating from BlenderBottle®, (b) the public recognizes that shakers bearing the BlenderBottle® Marks constitute high quality products that

conform to the specifications created by BlenderBottle®, and (c) the BlenderBottle® Marks has established strong secondary meaning and extensive goodwill.

17. Subsequent to BlenderBottle®'s use of the BlenderBottle® Marks, Defendant began using the identical BLENDER BOTTLE mark in connection with its shaker bottle product. An example of Defendant's use of the BLENDER BOTTLE mark is shown below:



18. On March 15, 2022, BlenderBottle® sent a takedown notice to Walmart, Inc., a retailer of Defendant's infringing product, requesting the removal of the infringing product. A true and correct copy of relevant portions of this letter is attached as **Exhibit 3**.

19. Despite BlenderBottle®'s letter and subsequent communications with Defendant, Defendant has not complied with BlenderBottle®'s demands.

20. BlenderBottle® is informed and believes, and based thereon alleges that Defendant has intended to willfully infringe BlenderBottle®'s trademark rights, blatantly copy BlenderBottle®'s unique marks, and pass off its goods as BlenderBottle®'s high quality products

to misappropriate the immense goodwill that BlenderBottle® has spent enormous time, effort, and expense to cultivate in the marketplace. Defendant's use of the identical mark BLENDER BOTTLE in commerce is likely to cause confusion, cause mistake, and to deceive as to an affiliation, connection, or association of Defendant and/or its products with BlenderBottle® when there is none.

21. Defendant's acts complained of herein have caused BlenderBottle® to suffer irreparable injury to its business. BlenderBottle® will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

22. BlenderBottle® is informed and believes, and on that basis alleges that Defendant's acts complained of herein are willful and deliberate.

### V. FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

23. BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-22 of this Complaint as if set forth fully herein.

24. This is a claim for trademark infringement under 15 U.S.C. § 1114.

25. BlenderBottle® is the exclusive licensee of valid, registered trademarks for its BlenderBottle® Marks, including at least U.S. Trademark Registration Nos. 3,471,977 and 4,894,363.

26. Without BlenderBottle®'s permission, Defendant has used in commerce marks that are identical to, colorable imitations of, and/or are confusingly similar to the BlenderBottle® Marks that are the subject of one or more of BlenderBottle®'s Trademark Registrations listed in Paragraphs 9 and 10 of the Complaint in connection with the marketing, promotion,

manufacturing, distributing, selling, and/or advertising of Defendant's products. Such use is likely to cause confusion or mistake or to deceive consumers into believing that Defendant and/or its goods are associated with, sponsored by, originate from, affiliated with, or approved by BlenderBottle®, when they are not.

27. BlenderBottle® is informed and believes, and on that basis alleges, that Defendant did so intentionally and with the intent to unfairly compete with BlenderBottle®, to trade upon BlenderBottle®'s reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, affiliated with, or are approved by BlenderBottle®, when they are not.

28. Defendant had actual knowledge of BlenderBottle®'s ownership and prior use of the BlenderBottle® Marks, and without the consent of BlenderBottle®, has willfully violated 15 U.S.C. § 1114.

29. Defendant's aforementioned acts have injured BlenderBottle® and damaged BlenderBottle® in an amount to be determined at trial. By its actions, Defendant has irreparably injured BlenderBottle®. Such irreparable injury will continue unless and until Defendant is preliminarily and permanently enjoined by this Court from further violation of BlenderBottle®'s rights, for which BlenderBottle® has no adequate remedy at law.

### VI. SECOND CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

30. BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-29 of this Complaint as if set forth fully herein.

31. This is a claim for trademark infringement, false designation of origin, passing off, and unfair competition, arising under 15 U.S.C. § 1125(a).

32. Defendant's use of the identical BLENDER BOTTLE mark, without BlenderBottle®'s consent constitutes trademark infringement, false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of its goods or commercial activities by another entity in violation of 15 U.S.C. § 1125(a).

33. Defendant's use of the identical BLENDER BOTTLE mark, without BlenderBottle®'s consent, constitutes trademark infringement, false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its products or commercial activities in violation of 15 U.S.C. § 1125(a).

34. BlenderBottle® is informed and believes, and based thereon alleges that Defendant's acts of trademark infringement, false designation of origin, passing off, and unfair competition have been willful and without regard to BlenderBottle®'s rights.

35. Pursuant to 15 U.S.C. § 1117, BlenderBottle® is entitled to recover (1) Defendant's profits, (2) any damages sustained by BlenderBottle®, and (3) the costs of the action. In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the Court finds to be just, according to the circumstances of the case. The Court may also award BlenderBottle® its reasonable attorneys' fees for the necessity of bringing this claim.

36. BlenderBottle® has been damaged by Defendant's conduct in an amount to be determined at trial.

37. Due to Defendant's actions constituting trademark infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, BlenderBottle® has suffered and continues to suffer great and irreparable injury, for which BlenderBottle® has no adequate remedy at law.

38. Defendant will continue its trademark infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendant is enjoined by this Court.

## VII.   THIRD CLAIM FOR RELIEF
### STATUTORY UNFAIR COMPETITION (Utah Code Ann. § 13-5a-101 et seq.)

39. BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-38 of this Complaint as if set forth fully herein.

40. This is a claim for unfair competition, arising under Utah Code Ann. § 13-5a-101, et seq.

41. Defendant's unlawful and intentional business acts, complained of herein, including acts of trademark infringement, false designation of origin, passing off, and federal unfair competition, caused a material diminution in value of BlenderBottle®'s intellectual property and an infringement of BlenderBottle®'s trademarks and therefore constitutes unfair competition with BlenderBottle® under Utah Code Ann. § 13-5a-101, et seq.

42. Defendant, by its actions, has irreparably injured BlenderBottle®. Such

irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of BlenderBottle®'s rights, for which BlenderBottle® has no adequate remedy at law.

## VIII.   FOURTH CLAIM FOR RELIEF
## UNFAIR COMPETITION (Utah Common Law)

43. BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-42 of this Complaint as if set forth fully herein.

44. This is a claim for unfair competition under Utah common law.

45. Defendant has and continues to willfully and intentionally pass off its products as products of BlenderBottle.

46. Defendant's acts of trademark infringement, false designation of origin, passing off, and federal unfair competition complained of herein constitute trademark infringement and unfair competition under Utah common law.

47. By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with BlenderBottle® in violation of the common law of the State of Utah.

48. Defendant, by its actions, has irreparably injured BlenderBottle®. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of BlenderBottle®'s rights, for which BlenderBottle® has no adequate remedy at law.

## IX.   PRAYER FOR RELIEF

WHEREFORE, BlenderBottle® prays for judgment in its favor against Defendant for the

following relief:

 A. That the Court find for BlenderBottle® and against Defendant on BlenderBottle®'s claims of trademark infringement under 15 U.S.C. § 1114;

 B. That the Court find for BlenderBottle® and against Defendant on BlenderBottle®'s claims of trademark infringement, false designation of origin, and passing off, unfair competition, and deceptive acts and practices under 15 U.S.C. § 1125(a), Utah common law, and Utah Code Ann. § 13-5a-101 et seq.;

 C. That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

  i. Using the BlenderBottle® Marks, or any other trademark that is confusingly similar to the BlenderBottle® Marks;

  ii. falsely designating the origin of Defendant's products;

  iii. passing off Defendant's products as those of BlenderBottle®;

  iv. misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendant's products;

  v. unfairly competing with BlenderBottle® in any manner whatsoever; and

  vi. causing a likelihood of confusion or injuries to BlenderBottle®'s business reputation.

 D. That Defendant account for all gains, profits, and advantages derived through Defendant's trademark infringement, false designation of origin, and passing off,

unfair competition, and deceptive acts and practices;

E. That BlenderBottle® be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including all damages sustained by BlenderBottle® as a result of Defendant's acts of trademark infringement, false designation of origin, passing off, and unfair competition, all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, and the costs of this action. That such award of BlenderBottle® of damages and profits be trebled pursuant to 15 U.S.C. § 1117;

F. An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117;

G. An award to BlenderBottle® of the attorneys' fees, expenses, and costs incurred by BlenderBottle® in connection with this action pursuant to 15 U.S.C. § 1117, Utah Code Ann. § 13-5a-101 et seq., and/or Utah common law;

H. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

I. Such other and further relief as this Court may deem just and proper.

## X.   DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BlenderBottle® requests a trial by jury of all issues so triable.

DATED: November 28, 2023.                    Respectfully Submitted

**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Paul A. Stewart
Ali S. Razai
Jacob R. Rosenbaum
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
paul.stewart@knobbe.com
ali.razai@knobbe.com
jacob.rosenbaum@knobbe.com

**DENTONS DURHAM JONES PINEGAR P.C.**

*/s/ Adam B. Beckstrom*
Adam B. Beckstrom
111 South Main Street, Suite 2400
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000
adam.beckstrom@dentons.com

*Attorneys for Plaintiff TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY*

## INDEX OF EXHIBITS

Exhibit 1  Registration Certificate for U.S. Trademark Registration No. 3,471,977 for Trove Brand's BLENDER BOTTLE® Mark

Exhibit 2  Registration Certificate for U.S. Trademark Registration No. 4,894,363 for Trove Brand's BLENDERBOTTLE® Mark

Exhibit 3  Take Down Notice from BlenderBottle® to Walmart, Inc. dated March 15, 2022.